OPINION
In August of 1993, appellee, Daniel Fleishour dba FS Motors, obtained a commercial automobile insurance policy from appellant, Grange Mutual Casualty Company, with a single limit liability coverage of $300,000. Uninsured/underinsured motorist coverage was offered but denied via written rejection dated June 2, 1994. Said policy was renewed annually through 1996 and was set to expire in August of 1997.
On November 1, 1996, appellee's son, Jesse Fleishour, was killed in an automobile accident. On May 8, 1998, appellee filed a complaint for declaratory judgment for a determination of coverage under the Grange policy. On September 21, 1998, appellee filed a motion for summary judgment. Appellant filed a cross-motion on October 2, 1998. By judgment entry filed October 16, 1998, the trial court granted appellee's motion for summary judgment and awarded appellee $300,000 less any setoffs, and denied appellant's cross-motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF-APPELLEE DANIEL FLEISHOUR AND IN DENYING THE CROSS-MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT-APPELLANT GRANGE MUTUAL CASUALTY COMPANY.
 I
Appellant claims the trial court erred in applying Gyori v.Johnston Coca-Cola Bottling Group, Inc (1996), 76 Ohio St.3d 565, to the case sub judice. We disagree.
All parties agree the incident from which this claim for uninsured/underinsured motorist coverage arose occurred when the syllabus law of Gyori was in effect. Said syllabus states as follows:
 1. There can be no rejection pursuant to R.C. 3937.18(C) absent a written offer of uninsured motorist coverage from the insurance provider.
 2. In order for a rejection of uninsured motorist coverage to be expressly and knowingly made, such rejection must be in writing and must be received by the insurance company prior to the commencement of the policy year.
In explaining the Gyori opinion, Justice Pfeifer stated the following at 568:
 According to R.C. 3937.18 and the case law of this state, there is only one way to avoid the requirement that UM coverage be provided — an express, knowing rejection of UM coverage by the customer. * * * In this case, however express and knowing Johnston's actions were, they could not constitute a rejection because there was no offer made which Johnston could reject.
 R.C. 3937.18 does not specifically require the offer of UM coverage to be in writing. We believe that the spirit of R.C. 3937.18 is best served by requiring the offer to be in writing. Such a requirement will prevent needless litigation about whether the insurance company offered UM coverage and will in the long run benefit insurance companies. After all, they bear the burden of proof with respect to rejection. * * * They also bear the cost of a misunderstanding that results in the provision of UM coverage by operation of law. (Citations omitted.)
Appellant's insurance agent, Matthew S. Hollinger, admitted there was never a written offer of uninsured/underinsured motorist coverage for the 1996 policy. See, Hollinger depo. at 28, attached to Plaintiff's Motion for Summary Judgment as Exhibit 1. Nevertheless, appellant argues appellee's 1994 written rejection of uninsured/underinsured motorist coverage signed by appellant satisfies the requirements of Gyori because the 1996 policy was a renewal of the 1994 policy. See, Hollinger aff. at Exhibit 1, attached to Defendant's Memorandum in Opposition. We disagree with this argument. The written rejection was for the 1994 policy year, not the 1996 policy year for which appellant claims coverage. Pursuant to Gyori, appellee's "renewal" argument is without merit.
Based upon the clear mandate of the Gyori syllabus, we find the trial court did not err in granting summary judgment to appellee.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/db 0222
JUDGMENT ENTRY
CASE NO. 1998CA00282
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES